UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRITTANY R. DEWITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:23-CV-928-CCB |
| | ) |
| MARTIN J. O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff Brittany R. Dewitt's ("Dewitt") appeal of the Social Security Administration's Decision dated March 15, 2023 (the "Decision") which found that Dewitt was not disabled and not entitled to disability benefits. The parties have briefed the appeal. After considering the briefing and the administrative record, the Court finds, for the following reasons, that the Decision must be affirmed.

## ANALYSIS

A. **Standard of Review**

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted). In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)). Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted).

While the ALJ need not discuss every piece of evidence in the record, he "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors his ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate his assessment of the evidence to assure" the court that he "considered the important evidence" and to enable the court "to trace the path of the ALJ's reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

**B. Procedural Background**

Dewitt filed an application for benefits on July 30, 2021, alleging disability beginning on April 15, 2018. The claim was denied initially and on reconsideration. On February 28, 2023, the parties participated in a telephone hearing before an ALJ. The ALJ issued an unfavorable decision

on March 15, 2023. (R. 18-28). This appeal followed.

### C. The ALJ's Decision

A person suffering from a disability that renders her unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. § 423(d)(2)(A). If a claimant's application is denied initially and on reconsideration, she may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether she has the residual functional capacity to perform her past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *See* 20 C.F.R. § 404.1520(a*); Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). An answer in the affirmative in steps one through four stops the inquiry and the claimant is found to be not disabled. If steps one through four are answered in the negative, the ALJ proceeds to step five.

Here, at step one, the ALJ found that Dewitt did not engage in substantial gainful activity during the period from her alleged onset date of April 15, 2018, through her date last insured of June 30, 2018. (R. 20). At step two, the ALJ determined that Dewitt had the following medically determinable impairments: cervical spondylolisthesis with minimal thoracic degenerative changes; psoriasis; history of drug abuse; hepatitis C; anxiety; and mild major depression. (R. 20). The ALJ further found that Dewitt did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months and, thus, Dewitt did not have a severe impairment or combination of impairments. (R. 21). As Dewitt's impairments were found to be not severe, the inquiry stopped at step two, and Dewitt was found to be not disabled. (R. 28).

1. **Issue on Appeal**

Dewitt requests that this case be remanded back to the agency, arguing that the ALJ erred by failing to find her depression or anxiety to be a severe impairment. Dewitt claims that the record shows that her depression and anxiety impact her ability to perform work activities. Dewitt asserts that she lost a job due to her anxiety, that she was unable to focus, and she was often distracted. Dewitt argues that her anxiety and depression have more than a minimal effect on her ability to do basic work activities, and thus are "severe impairments". Dewitt further claims that, since she was diagnosed with major depression, she is, by definition, severely impaired.

At step two of the disability determination process, the ALJ will determine whether a claimant has a severe medically determinable impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does not have a severe medically determinable impairment, they will be found not disabled. *Id*. "The Step 2 determination is 'a de minimis screening for groundless claims' intended

to exclude slight abnormalities that only minimally impact a claimant's basic activities." *O'Connor-Spinner v. Colvin*, 832 F.3d 690, 697 (7th Cir. 2016) (quoting *Thomas v. Colvin*, 826 F.3d 953, 960 (7th Cir. 2016). "An impairment is not severe only if it is a slight abnormality that has no more than a minimal effect on the ability to do basic work activities…." *Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) (citation and internal quotation marks omitted).

The Commissioner argues that substantial evidence supports the ALJ's decision that Dewitt did not have a severe impairment. It is important to note here that the time period at issue is very short, spanning from April 15, 2018 (the alleged onset date) to June 30, 2018 (Dewitt's date last insured). (R. 20). Thus, Dewitt must show evidence that her depression and/or anxiety were severe during that time frame, and that for twelve months it significantly limited her ability to perform basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1522; Social Security Ruling (SSR) 85-28. Dewitt has not made such a showing.  Rather, as the ALJ discussed extensively in the Decision (R. 25-26), Dewitt denied depression and anxiety in January (R. 280-83, R. 628) and February of 2018 (R. 276-79), her mental status exam was normal (R. 280-83, R. 628), she declined anti-anxiety medication (R. 276-79), in May and October of 2018 she possessed effective coping skills (R. 841, R. 870), and in December 2018 and January 2019 she demonstrated normal mood, affect, attention span, and concentration (R. 799-802).  Additionally, Dewitt's activities during the relevant time period belied the existence of a severe impairment, as she live-streamed video-game play on Twitch for income six hours per day from 2018 to 2020, worked cleaning houses, and shopped at Walmart. (R. 51-60).

Dewitt relies on evidence years before and years after the relevant time-period, claiming she was fired for working too slowly, and suffered from poor concentration, racing thoughts, and

5

low motivation. (R. 457-59, R. 461, R. 490, R. 542, R. 649, R. 660-62, R. 666). As the Commissioner notes, however, the ALJ considered this evidence and found it unpersuasive due to the lack of proximity to the time period at issue here. (R. 24). The ALJ also found Dewitt's testimony claiming difficulty with concentration and motivation in 2018 to be unsupported by contemporaneous treatment notes. (R. 24). Clearly, there is "more than a mere scintilla" of evidence supporting the ALJ's Decision, and this Court will not re-weigh the evidence. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019); *Prill v. Kijakazi*, 23 F.4th, 738, 746 (7th Cir. 2022).

Dewitt also argues that her diagnosis of mild depressive disorder satisfies her step two burden. Dewitt relies heavily on *O'Connor-Spinner v. Colvin*, 832 F.3d 690 (7th Cir. 2016), where the Seventh Circuit noted, "A diagnosis of 'major depression' means, *by definition*, that an individual's 'symptoms cause clinically significant distress or impairment in social, occupational, or other important areas of functioning.'" *Id*. at 693 (quoting Am. Psychiatric Ass'n. Diagnostic & Statistical Manual of Mental Disorders at 679-80 (4th ed. text revision 2000) (emphasis in original). However, although the Seventh Circuit stated that a diagnosis of major depression is an assessment that the patient suffers from significant impairment in important areas of functioning, *id*. at 697, the Court did not hold that a diagnosis of major depression satisfies a claimant's step two burden. Rather, in *O'Connor-Spinner*, the Court found that the ALJ's determination that severe major depression wasn't a severe impairment was not supported by substantial evidence. *Id*. The Court went on to note that the ALJ cherry-picked the evidence supporting his finding while ignoring contradictory information. *Id*.

*O'Connor-Spinner* does not support Dewitt's argument because, as discussed above, substantial evidence supports the ALJ's determination that Dewitt did not have a severe

6

impairment. Moreover, the ALJ did not cherry-pick the evidence or ignore entire lines of evidence. Rather, the ALJ thoroughly discussed the evidence, including Dewitt's testimony, and reasonably held that the evidence did not support a finding of a severe impairment. Therefore, the Decision will be affirmed.

## **CONCLUSION**

For the reasons set forth above, the Defendant's Decision is AFFIRMED. The Clerk is directed to enter judgment in favor of Defendant and against Plaintiff.

SO ORDERED on May 30, 2024.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT